**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA HUDAK as Executrix of the Estate of William P. Koballa | ) | CASE NO.: |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF REMOVAL FILED BY DEFENDANTS** |
| ELMCROFT OF SAGAMORE HILLS, *et al*., | ) | **(Removal From Summit County Court Of Common Pleas, Ohio)** |
| Defendants. | ) | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

Now comes Defendants, Elmcroft of Sagamore Hills, Elmcroft by Eclipse Senior Living, Eclipse Senior Living, Inc., Eclipse Portfolio Operations, LLC, Eclipse Portfolio Operations II, LLC and Jamie Ashley Cohen, by and through undersigned counsel, and hereby remove this action from the Court of Common Pleas, Summit County, Ohio to to the United States District Court for the Northern District of Ohio, Eastern Division, reserving all defenses and objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446.

This wrongful death action, involving allegations related to the response to the COVID-19 pandemic, alleges a federal question pursuant to the December 3, 2020 amendment of the Federal Public Readiness and Emergency Preparedness Act ("PREP

Act"), 85 Fed. Reg. 79190, and therefore is properly removed through this Notice, on the following grounds:

## I. STATEMENT OF THE CASE

1. On December 11, 2020 Plaintiff Laura Hudak, as Executrix of the Estate of William P. Koballa, filed a civil action in the Court of Common Pleas, Summit County, Ohio, Case No. CV-2020-12-3466, entitled "*Laura Hudak v. Elmcroft of Sagamore Hills, et al.,*" demanding judgment against Defendants, all senior care health facility entities, Elmcroft of Sagamore Hills, AL Sagamore Hills Operations, LLC, Elmcroft by Eclipse Senior Living, Eclipse Senior Living, Inc., Eclipse Portfolio Operations, LLC, Eclipse Portfolio Operations II, LLC, Senior Care operations Holdings, LLC and Jamie Ashley Cohen.

2. Service of the Summons and Complaint was completed on December 15, 2020 for Defendants Elmcroft of Sagamore Hills, Eclipse Senior Living, Inc., Eclipse Portfolio Operations, LLC, Eclipse Portfolio Operations II, LLC and Jamie Ashley Cohen. Defendants AL Sagamore Hills Operations, LLC and Senior Care Operations Holdings, LLC are not related to the removing Defendants, however, it is understood that these parties have been subsequently served with the Summons and Complaint. All served parties consent to the Notice of Removal.

3. Accordingly, this Removal is timely. See 28 U.S.C.A. § 1446(b).

4. Plaintiff's Complaint sets forth five causes of action for Negligence, Reckless, Intentional, Willful and Wanton Misconduct, Survivorship, Wrongful Death, and Violation of the Nursing Home Patient's Bill of Rights (Ohio R.C. § 3721.17) arising from alleged misconduct by a covered person in the administration of a covered

countermeasure under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e (West 2020). *See*, Exhibit A, Complaint and Motion for Extension of Time to File an Affidavit of Merit, attached hereto.

5. More specifically, Plaintiff has alleged that Defendants engaged in negligent, willful and/or reckless conduct in care provided to Mr. Koballa related to exposure, diagnosis and treatment of COVID-19 and in the distribution, administration, or use of medical countermeasures, like COVID-19 testing and personnel protective equipment, to prevent the spread of the virus during his residency at the senior assisted living community known as Elmcroft of Sagamore Hills.

6. The Complaint seeks damages, including compensatory, wrongful death and punitive damages. *See*, Ex. A, Complaint at Prayer for Relief.

## II. PROCEDURAL REQUIREMENTS

7. This Notice is filed on behalf Defendants in the above-styled case pursuant to 28 U.S.C.A. § 1446(b)(2)(A).

8. Concurrent with the filing of this Notice or promptly thereafter, Defendants are serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

9. Defendants AL Sagamore Hills Operations, LLC and Senior Care Operations Holdings, LLC have consented to the removal of the case to this Federal court pursuant to 28 U.S.C.A. § 1446.

10. Pursuant to 28 U.S.C.A. § 1446(a), copies of all process, pleadings and documents from the Court of Common Pleas, Summit County, Ohio served upon or provided to Defendants are attached. The entirety of the pleadings to date consists of the Complaint and Motion for Extension of Time to File Affidavit of Merit (Exhibit A) and

the Summons (Elmcroft of Sagamore Hills – Exhibit B; AL Sagamore Hills Operations, LLC – Exhibit C & M; Elmcroft by Eclipse Senior Living – Exhibit D; Eclipse Senior Living, Inc. – Exhibit E; Eclipse Portfolio Operations, LLC – Exhibit F; Eclipse Portfolio Operations II, LLC – Exhibit G; Senior Care operations Holdings, LLC – Exhibit H & K; Jamie Ashley Cohen – Exhibit I), an Order granting Plaintiff's request for an extension (Exhibit J) and instructions for service (Exhibit L) The state court docket is attached for reference as Exhibit N.

## III. COVID-19 AND THE PREP ACT

11. The ongoing crisis of the COVID-19 pandemic has warranted constant adjustment by the nation's healthcare providers. Despite these efforts, more than 365,000 Americans have died from COVID-19 since the CDC began tracking a year ago through the time of this filing.

12. Recognizing challenges consistent with pandemics, the degree of which has not been seen since the Spanish Influenza of 1920, Congress has explicitly noted the need for uniformity in analyzing the liability of healthcare providers. On December 3, 2020, Congress declared the following in The Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d, 247d-6e(2006) ("the PREP Act) :

> "there are substantial federal legal and policy issues, and substantial federal legal and policy interests, in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities."

Fourth Amendment to, 42 U.S.C. § 247d-6d, 247d-6e(2006), as amended by 85 Fed. Reg. 79190. Removal for federal question jurisdiction relative to the PREP Act enables consistent treatment in Coronavirus litigation.

13. The Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d, 247d-6e(2006), as modified by the Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), amended by 85 Fed. Reg. 21012 (Apr. 15, 2020), amended by 85 Fed. Reg. 35100 (June 8, 2020), amended by 85 Fed Reg. 52136 (August 24, 2020), and most recently amended by 85 Fed. Reg. 79190 (December 3, 2020)(together the "PREP Act") are federal statutes regulating the administration of countermeasures to prevent or mitigate the spread of COVID-19.

14. The plain language of the PREP Act mandates immunity from claims for losses that are precisely of the type brought in Plaintiff's Complaint. As the Act expressly states:

> "A covered person ***shall be immune from suit and liability under Federal and State law with respect to claims for loss*** caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure."

42 U.S.C. § 247d(b)(1) (emphasis added.) This Act was enacted on December 30, 2005. It can only be plead after it is activated by the Secretary of Health and Human Services during a public emergency. Secretary Alex Azar declared a public emergency related to COVID-19 as of January 27, 2020. This followed a declaration by the World Health Organization.

15. Application and preemption of the PREP Act is mandatory for covered persons that related to use or related to the use of countermeasures.

## IV. ARGUMENT AND CITATION TO AUTHORITY

16. This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Complaint asserts a claim "arising under" federal law within the meaning of § 1331. Original jurisdiction is also through an action pursuant to 28 U.S.C. §1442(a)(1). The Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

17. On its face, the allegations contained in the Complaint reflect that a "covered person" was involved in "recommended activity" relative to a "covered countermeasure", and therefore, presents a federal question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

18. As such, Congress provided an exclusive remedy for the substance of the allegations, and relief sought in the Complaint and Federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

19. The issue of whether federal question jurisdiction exists when a Complaint asserts a claim in state law is addressed in *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). The Court explained:

> [A] state claim may be removed to federal court … when a federal statute wholly displaces the state-law cause of action through **complete pre-emption**. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. In the two categories of cases where this Court has found complete pre-emption … the federal statutes at issue **provided the exclusive cause of action** for the claim asserted and also **set forth procedures and remedies governing that cause of action**.

*Id.* at 8 (emphasis supplied; internal citations and footnotes omitted).

22. There, the plaintiff brought an action for usury under state law, which was preempted by the usury provisions of the National Bank Act (12 U.S.C.A. §§ 85 and 86). The Court held that the usury provisions under §§ 85 and 86 collectively "supersede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive." *Beneficial Nat. Bank, supra,* at 11. Therefore, the court held that federal question diversity was proper under the "complete preemption" doctrine.

23. Thus, Circuit Courts and District Courts have subsequently found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v. Bancorp South Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

24. Here, as set forth below, Defendants assert that Plaintiff's claims are completely preempted by the PREP Act sections found at 42 U.S.C.A. §§ 247d-6d and 247d-6e. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 253 (2011) (Sotomayor, J., dissenting) (The majority found that the National Childhood Vaccine Injury Act preempted state law. Justices Sotomayor and Ginsburg further analyzed that the PREP Act unequivocally demonstrated an intent to preempt state law through its use of "categorical (*e.g.*, 'all') and/or declarative language (*e.g.*, 'shall')" completely preempting state law).

25. Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the

"administration" or "use" of a "covered countermeasure" as those terms are defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

26. For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert “willful misconduct,” the exclusive remedy for relief is established under § 247d-6e, which permits an individual to make a claim for benefits through the Countermeasures Injury Compensation Program, also known as the Fund, for a “covered injury directly caused by the administration or use of a covered countermeasure.” In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging “willful misconduct” must first apply for benefits through the Fund under § 247d-6e before bringing an action under § 247d-6d(d). *Id*. § 247d-6e(d)(1). Further, even where a plaintiff has alleged willful misconduct and exhausted his remedies relative to the Fund, such plaintiff is limited to “*an exclusive Federal cause of action*” for willful misconduct “maintained only in the United States District Court for the District of Columbia.” 42 U.S.C.A. § 247d-6d9(d)(1)-(e)(1) (emphasis added).

27. Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that “is different from, or in conflict with, any requirement applicable [for immunity]” is expressly preempted.

28. Therefore, Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby “completely preempting” state law for purposes of federal question jurisdiction. *See Bruesewitz*, 562 U.S. at 253 (Sotomayor, J., dissenting).

29. Here, as alleged in the Complaint, Defendants are “covered persons” in that Defendants' senior assisted living community, licensed by the State of Ohio. Further, Defendants' community, as well as its' employees and affiliates are "covered persons" because each meet the requirements of a "program planner" of countermeasures under the PREP Act and are "qualified persons who prescribed, administered or dispensed" a countermeasure under the PREP Act. This was recently confirmed by the Office of the General Counsel, Secretary of the Department of Health and Human Services in an opinion letter dated August 14, 2020, stating that senior living communities, such as those operated by Defendants, are “covered persons,” entitled to immunity under the PREP Act by virtue of their status as both “program planners” and “qualified persons.”

30. Plaintiff's claim for loss "arises out of, relates to, or results from" the administration and use of a “covered countermeasure” obtained through a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendants, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

31. At the time of the allegations set forth in the Complaint, and based on such allegations, Defendants were acting as "program planners" per the PREP Act with relation to infection control programs, personal protective equipment and diagnostic

countermeasures at Elmcroft of Sagamore Hills in an effort to diagnose, mitigate, and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom. Further, Defendants' employees and affiliates were acting as employees of a "program planner" of approved countermeasures on staff and patients of Elmcroft of Sagamore during the time alleged in the Complaint in an effort to diagnose and mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

32. At the time of the allegations set forth in the Complaint, and based on such allegations, Defendants' employees and affiliates were acting as "qualified persons" per the PREP Act because Defendants' employees for administration, delivery, and use FDA covered countermeasures, like personal protective equipment and FDA approved COVID-19 devices, medication, and diagnostic tests to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

33. At the time of the allegations set forth in the Complaint, and based on such allegations, Defendants were engaged in the management and operation of countermeasure programs in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto ("Declaration"), or reasonably believed so by Defendants. Likewise, Defendants' employees and affiliates were physically providing and using the countermeasures in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration, and all

amendments thereto, or reasonably believed so by Defendants. In fact, HHS confirmed in letter dated August 31, 2020 that diagnostic testing for COVID-19 in senior living communities qualifies as a "covered countermeasure" triggering PREP Act immunity.

34. At the time of the allegations set forth in the Complaint, countermeasures used by Defendants were approved by the FDA as a qualified pandemic or epidemic product and were respiratory protective devices approved by the National Institute for Occupational Safety and Health under 42 CFR part 84, and were administered, delivered, distributed, and dispensed in accordance with the public health and medical response of the State of Ohio or reasonably believed so by Defendants, and Plaintiffs' claim for loss "arises out of, relates to, or results from" the administration and use of such "covered countermeasures."

35. Therefore, Plaintiff's Complaint invokes a federal question for which the governing federal law "completely preempts" Plaintiff's state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

36. Finally, federal question jurisdiction also exists because there is a substantial, embedded question of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). In *Grable*, the Supreme Court set forth a two-step process for determining whether a state law claim "arises under" federal law. ***First***, the state law claim must necessarily raise a stated federal issue, actually disputed and substantial. ***Second***, federal courts must be able to entertain the state law claims "without disturbing a congressionally approved balance of state and federal judicial responsibilities." *Id*.

37. Here, the first prong is met because Plaintiff's Complaint alleges Defendants' ineffective use and administration of covered countermeasures in preventing the spread

of COVID-19. By their nature, these allegations invoke a substantial federal question as to whether the broad immunities afforded under the PREP Act apply to the conduct of Defendants, and a federal court has a substantial interest in determining the application of the PREP Act given the widespread and pervasive nature of the COVID-19 pandemic.

38. The second prong is also met because this Court would not "disturb any congressionally approved balance of federal and state judicial responsibilities" by retaining jurisdiction in this matter. On the contrary, the PREP Act expresses a clear intention to supersede and preempt state control of the very issues raised by Plaintiff: "No State . . . may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that . . . (A) is different from, or is in conflict with, any requirement applicable under this section; and (B) relates to the . . . use, . . . dispensing, or administration by qualified persons of the covered countermeasure" 42 U.S.C. § 247d-6d [b] [8]. As such, this Court would not be disturbing or otherwise infringing on any balance of state and federal interest by retaining jurisdiction.

**WHEREFORE**, having shown that this case is properly removable on the basis of federal question jurisdiction, Defendants provide notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in Court of Common Pleas, Summit County, Ohio, as Case No. CV-2020-12-3466, is removed to the United States District Court for the Northern District of Ohio, Eastern Division, and respectfully request that this Court exercise jurisdiction over this case.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: /s/ *Keith Hansbrough*
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3800
Fax: (216) 344-9006
Email: khansbrough@mdwcg.com
jldinehart@mdwcg.com
*Counsel for Defendants Elmcroft of Sagamore Hills, Elmcroft by Eclipse Senior Living, Eclipse Senior Living, Inc., Eclipse Portfolio Operations, LLC, Eclipse Portfolio Operations II, LLC, and Jamie Ashley Cohen*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Unserved parties will be notified by U.S. Regular Mail.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: /s/ *Keith Hansbrough*
KEITH HANSBROUGH (0072671)
JILLIAN L. DINEHART (0086993)
*Counsel for Defendants Elmcroft of Sagamore Hills, Elmcroft by Eclipse Senior Living, Eclipse Senior Living, Inc., Eclipse Portfolio Operations, LLC, Eclipse Portfolio Operations II, LLC, and Jamie Ashley Cohen*